```
UNITED STATES DISTRICT COURT              USDC SDNY
SOUTHERN DISTRICT OF NEW YORK             DOCUMENT
                                          ELECTRONICALLY FILED
                                          DOC #_____
                                          DATE FILED: December 19, 2019
```

| OSIRIS MOSLEY, | |
|---|---|
| Plaintiff, | |
| -against- | 1:19-CV-10722 (ER) |
| DANNY CAMPBELL, Police Officer of the City of New York (sued in his individual capacity), | ORDER OF SERVICE |
| Defendant. | |

EDGARDO RAMOS, United States District Judge:

Plaintiff, who appears *pro se*, brings this action asserting that the defendant violated his federal constitutional rights. Plaintiff sues New York City Police Officer Danny Campbell. The Court construes the complaint as asserting claims under 42 U.S.C. 1983 and state law. By order dated December 18, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court directs service on Campbell.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint on Campbell until the Court reviewed the complaint and ordered that a summons be issued for Campbell. The Court therefore extends the time to serve Campbell until

90 days after the date that the summons for Campbell is issued. If the complaint is not served on Campbell within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Campbell through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Campbell. The Clerk of Court is further instructed to issue a summons for Campbell, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on Campbell.

Plaintiff must notify the Court if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court further directs the Clerk of Court to issue a summons for Defendant Campbell, complete a USM-285 form with the service address for Campbell, and deliver all documents necessary to effect service on Campbell to the U.S. Marshals Service.

SO ORDERED.

Dated:  December 19, 2019
  New York, New York

_____
EDGARDO RAMOS
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

Police Officer Danny Campbell
25th Precinct
120 East 119th Street
New York, New York 10035-3921