

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**WILLIAM THOMAS GOSLING**
Assistant Corporation Counsel
Phone: (212) 356-2384
Fax: (212) 356-3509
Email: wgosling@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/18/2020

September 18, 2020

**BY ECF**
Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18D
New York, New York 10007

      Re:    <u>Osiris Mosley v. Police Officer Danny Campbell</u>
             19 Civ. 10722 (LJL) (RWL)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney assigned to represent defendant Police Officer Danny Campbell in the above-referenced matter. For the reasons set forth below, it is respectfully requested that the Court adjourn, without date: (i) the pre-settlement telephone conference scheduled for September 23, 2020; and (ii) the settlement conference scheduled for October 13, 2020. This request is made because this Office has taken a "no pay" settlement position and, thus, any settlement discussion would be unavailing. In fact, for the reasons set forth below, it is defendant's position that plaintiff's claims should be withdrawn. Plaintiff does not consent to this request.

      Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 alleging claims of false arrest, malicious prosecution, and excessive force arising out of his arrest on November 24, 2018 for driving under the influence. (Docket Entry No. 9) An answer was filed on behalf of Police Officer Campbell on July 22, 2020; that answer asserted affirmative defenses, including, failure to state a claim upon which relief can be granted. (Docket Entry No. 20) On August 5, 2020 the parties appeared via telephone for an Initial Conference before the Honorable Lewis J. Liman. (Docket Text Entry dated August 5, 2020) As required under Judge Liman's Individual Rules, on August 6, 2020, the parties filed a Joint Case Management Plan and Scheduling Order, which included, as recommended by the Scheduling Order, the parties' proposal for following alternative dispute resolution mechanisms by referral for settlement discussions. (Docket Entry Nos. 23, 24) On August 13, 2020, a pre-settlement telephone conference was scheduled for September 23, 2020 at 9:30 a.m. and a Settlement Conference was scheduled for October 13, 2020 at 9:30 a.m. (Docket Entry Nos. 26, 27)

It is the position of this Office that settlement of any amount is not appropriate given the factual circumstances of the underlying incident. More specifically, during the Initial Conference held on August 5, 2020[1], plaintiff admitted that, when he was pulled over by police on November 24, 2018, the vehicle he was driving had no operable headlamp (a violation of New York State Vehicle and Traffic Law Section 376-A); plaintiff further admitted that, on the date of his arrest, he had been driving without a driver's license (a violation of New York State Vehicle and Traffic Law Section 509-4). The NYPD Arrest Report confirms that plaintiff was arrested for, among other things, driving with no operable headlamp and without a license. Thus, there was probable cause both to stop the plaintiff and for his arrest.

It is well established that a stop based on reasonable suspicion of a traffic violation does not offend the Fourth Amendment. See, e.g., United States v. Stewart, 551 F.3d 187, 191 (2d Cir. 2009) ("We have held repeatedly that a traffic stop based on a reasonable suspicion of a traffic violation comports with the Fourth Amendment."); United States v. Jenkins, 452 F.3d 207, 212 (2d Cir. 2006) ("We find no error in the District Court's determination that the initial basis for the stop of the SUV was valid because the officers reasonably believed that the SUV lacked license plates, which would have been a violation of VTL [Vehicle and Traffic Law] § 402(1)(a)."). See also, United States v. White, 298 F. Supp. 3d 451, 456-57 (E.D.N.Y. 2018) ("… the law in this circuit is clear that "the reasonable suspicion of a traffic violation provides a sufficient basis under the Fourth Amendment for law enforcement officers to make a traffic stop,") (quoting Stewart, 551 F.3d at 193); Briukhan v. City of New York, 147 F. Supp.3d 56, 60 (E.D.N.Y. 2015) (Glasser, J.) ("Even a minor traffic violation may constitute a specific and articulable fact sufficient to provide probable cause for the stop." (internal quotation marks and citation omitted)); Gonzalez v. City of New York, 2000 U.S. Dist. LEXIS 16153, at **15-16 (S.D.N.Y. Nov. 3, 2000) ("A police officer's observation of a traffic offense, however minor, gives the officer reasonable suspicion to stop the driver of the vehicle for further investigation.").

Further, the Supreme Court has held that a person can be arrested for even a minor traffic offense; more specifically, the Court held that the Fourth Amendment does not forbid a warrantless arrest for a minor criminal offense, such as a misdemeanor seatbelt violation punishable only by a fine. Atwater v. City of Lago Vista, 532 U.S. 318, 340 (2001). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." Id., 532 U.S. at 354. "As long as there was probable cause to arrest the plaintiff for any offense—even a minor traffic violation—a false arrest claim will fail." Johnson v. City of New York, 2020 U.S. Dist. LEXIS 91845, at *9 (S.D.N.Y. May 26, 2020). Accordingly, plaintiff's claims fail[2].

Thus, after careful consideration of the merits of the case, this Office has determined that no settlement payment should be authorized at this time and, moreover, that

---

[1] A copy of the transcript of that proceeding was ordered by this Office on September 3, 2020; however, as of this writing the undersigned has not yet received same.

[2] It is also defendant's position that the body-worn camera footage of this incident will result in the dismissal of plaintiff's excessive force claim.

plaintiff should withdraw his case.   For these reasons, it is respectfully requested that both the pre-settlement telephone conference (September 23, 2020) and the settlement conference (October 13, 2020) be adjourned without date.

        Thank you for your consideration herein.

        Respectfully submitted,

*William Thomas Gosling* /S
William Thomas Gosling
Assistant Corporation Counsel
Special Federal Litigation Division

cc:    Osiris Mosley
       Plaintiff *pro se*
       400 Mountain Road, Apt 1N
       Union City, New Jersey 07087

Defendant's request to adjourn the pre-settlement conference call and settlement conference is denied.  The September 23, 2020 pre-settlement conference call will go forward, and the Court will determine at that time whether the settlement conference should proceed.

SO ORDERED:

9/18/2020

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE