

| JAMES E. JOHNSON<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **William T. Gosling**<br>*Assistant Corporation Counsel*<br>phone: (212) 356-2384<br>wgosling@law.nyc.gov |
|---|---|---|

March 25, 2021

**VIA ECF**
Hon. Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, New York 10007

Plaintiff is directed to respond to this motion by April 26, 2021. If Plaintiff does not respond by that date, the Court will consider the motion unopposed. The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

Re: Osiris Mosley v. Police
19-CV-10722 (LJL) (R

Your Honor:                                                                 3/26/2021

    On behalf of defendant Police Officer Danny Campbell, I write to request that the Court dismiss the Amended Complaint for failure to prosecute and failure to comply with a court order pursuant to Federal Rules of Civil Procedure 41(b) and 37(b). Before filing the instant application, I made several attempts to contact plaintiff at the telephone number and email address provided by plaintiff. To date, plaintiff has repeatedly failed to respond to the phone calls or emails. I also conducted a search of New York State Department of Corrections and New York City Department of Correction databases, which both indicate that plaintiff is not currently incarcerated in New York.

    By way of background, plaintiff alleges, *inter alia*, that on November 24, 2018, he was falsely arrested for driving while intoxicated by defendant, Police Officer Danny Campbell. *See* ECF No. 9. Liberally construing the Amended Complaint, plaintiff also appears to be suing for malicious prosecution, excessive force, and denial of a right to fair trial based on an alleged fabrication of evidence. *Id.* Defendant noticed plaintiff to appear for a scheduled deposition to take place on February 24, 2021, on a date plaintiff consented to. As the Court is aware, plaintiff did not appear for his scheduled deposition. On February 26, 2021, in light of plaintiff's failure to appear for his deposition and the fact discovery deadline approaching, defendant filed an extension of the fact discovery deadline. *See* ECF No. 43. The Court scheduled a conference for March 12, 2021 to discuss defendant's motion for an extension of time to complete fact discovery. *See* Docket Entry Dates March 5, 2021. Pursuant to the Court's Order, and as

discussed during the court conference, plaintiff's deposition was rescheduled to take place remotely on March 23, 2021, a date which plaintiff consented to, and if plaintiff was unable to appear for his scheduled deposition plaintiff was directed to file a letter with the Court by March 16, 2021. *See* ECF Docket Entry Dated March 12, 2021. Plaintiff did not file a letter with the Court, or contact defense counsel, to explain that he would not appear for his scheduled deposition on March 23, 2021, and failed to appear for his deposition on that day.

### A. Plaintiff has failed to prosecute his case and has failed to comply with the Court's March 12, 2021 Order.

Under Rule 41(b), "[if] the plaintiff fails to prosecute…, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). When deciding whether to dismiss a case for failure to prosecute, courts in the Second Circuit weigh five factors: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). Similarly, under Rule 37(b)(2)(A)(v), a court may dismiss a proceeding in whole or in part where a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). When determining whether to dismiss a claim pursuant to Rule 37(b)(2)(A)(v), a court will consider "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). Because the last three of these factors are identical to Rule 41(b) factors 1, 2, and 5, respectively, courts analyze them simultaneously when considering dismissal under Rules 37(b)(2)(A)(v) and 41(b). *See Chen v. Hunan Manor Enter*., 2020 US Dist. LEXIS 113820, at *22 (S.D.N.Y. June 30, 2020).

Here, the Court should dismiss Plaintiff's Amended Complaint for failure to prosecute and for the failure to comply with its' March 12, 2021 Order. First, plaintiff has already delayed discovery in this matter by 90 days and has failed to comply with the Court's March 12th Order by failing to appear for his deposition. This is the second instance in which plaintiff has failed to attend his scheduled deposition on dates that he consented to. Prior to the March 23rd deposition, I contacted plaintiff by email and telephone to remind him of the deposition. Additionally, on March 22, 2021, I sent plaintiff an email with the meeting ID and password for the zoom deposition. Plaintiff did not respond to defense counsel's emails or telephone calls. On March 23, 2021, defendant counsel remained on the zoom call for 47 minutes—until 10:17 a.m.—before ending the deposition due to plaintiff's failure to appear.

Second, plaintiff has had notice that his claims could be dismissed, and sanctions could be imposed, if he failed to appear for his deposition. Federal Rule of Civil Procedure 37 (d)(1)(a)(i) permits the Court to impose sanctions, including dismissal of the case, when a party fails, after being served with proper notice, to appear for their deposition. FED. R. CIV. P. 37.  Here, plaintiff was provided with proper notice for his deposition on two separate occasions and failed to appear on both dates.

- 3 -

Third, plaintiff has prejudiced defendant by denying defendant, without explanation, the opportunity to evaluate plaintiff's claims by taking his deposition. Additionally, defendant has been financially prejudiced by having to expend resources on two separate occasions when ordering the court reporter and scheduling plaintiff's deposition. Plaintiff did not provide any notice of a scheduling conflict or other issues that might have prevented plaintiff from participating in either of the two scheduled depositions. "Prejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *Montanez-Garcia v. City of New York*, No. 16-CV-6479, 2018 U.S. Dist. LEXIS 106807, at *5–6 (S.D.N.Y. June 25, 2018).

As to the fourth factor, plaintiff has repeatedly relinquished his opportunity to be heard by failing to diligently litigate this action and attend his deposition. Finally, the Court has already considered alternatives to dismissal by extending discovery and by organizing a court conference to reschedule plaintiff's deposition. Plaintiff's actions show a blatant disregard for the Court's Order and the Court's time by failing to appear for his scheduling deposition and by failing to inform the Court in a letter due by March 16, 2021 that he would be unable to attend his deposition. Lesser alternatives to dismissal will be inadequate because plaintiff has not explained, either to the Court or to Defendant, why he has failed to appear for his deposition or abide by the Court's March 12, 2021 Order.

Furthermore, if the Court is not inclined to dismiss this case under 41(b) of the Federal Rules of Civil Procedure or for the failure to abide by a court order under Federal Rule of Civil Procedure 37(b), defendant alternatively request that the Court impose some sanction, including excluding plaintiff's testimony at the time of trial, for plaintiff's repeated failure to appear for his scheduled deposition and by causing prejudice to defendant.

Thank you for your consideration herein.

                                                 Respectfully submitted,

                                                 *William T. Gosling* /s/
                                                 *Assistant Corporation Counsel*
                                                 Special Federal Litigation Division

**BY U.S. MAIL and EMAIl to osimos7@gmail.com**
Osiris Mosley
400 Mountain Road, Apt 1N
Union City, New Jersey 07087